# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LORENZO ANTHONY WILSON,** | |
| Petitioner, | |
| v. | Civil No. **PJM-16-3982** |
| | *Related to Crim. No. PJM 03-457* |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## MEMORANDUM OPINION

*Pro se* petitioner Lorenzo Anthony Wilson has filed a Motion to Correct Sentence Resulting from Plain Error pursuant to Federal Rule of Criminal Procedure Rule 52(b). ECF No. 543. The Court has considered the Motion and the Government's Opposition. For the reasons set forth below, the Motion is **DISMISSED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2003, a federal grand jury indicted Wilson and two others on five counts: one for kidnapping, aiding and abetting the same; one for conspiracy to kidnap, aiding and abetting the same; and three counts of using a firearm in furtherance of a crime of violence, aiding and abetting the same. After Wilson's case was severed from his co-defendants' case, a petit jury found Wilson guilty of conspiracy to kidnap and acquitted him of the other counts. The Court subsequently sentenced him to life imprisonment, followed by five years of supervised release.

Following his unsuccessful appeal to the Fourth Circuit, Wilson filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on April 13, 2012 (ECF No. 402), which he supplemented

1

with two additional motions. ECF Nos. 438, 483.The Court denied his motion and the issues raised in his supplemental briefs. ECF No. 494.

Wilson then filed the instant Motion, asking the Court to correct his sentence pursuant to Rule 52(b). ECF No. 543. Specifically, he argues the probation officer miscalculated his sentencing guidelines, constituting "plain error" under the Rule. *Id.* The Government has filed an opposition to which Wilson has replied.

## II. ANALYSIS

Federal Rule of Criminal Procedure 52(b), on which Wilson's Motion is premised, provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). However, the Supreme Court has held that the Rule was "intended for use on direct appeal," such that the "plain error" standard "is out of place when a prisoner launches a collateral attack against a criminal conviction." *United States v. Frady*, 456 U.S. 152, 164 (1982) (reaffirming "the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."). Here, Wilson is collaterally attacking the validity of his conviction and sentence. As such, the proper vehicle by which to assert this challenge would be a 28 U.S.C. § 2255 motion, not Rule 52(b).[1] At most, the Petition would have to be construed as a Motion to Vacate, Set Aside or Correct Sentence under § 2255. But that does not salvage his Motion.

Under 28 U.S.C. § 2255(h), a second or successive motion must be certified by a panel of the appropriate court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

---

[1] Indeed, Wilson's first Motion to Vacate similarly attacked his sentencing guidelines range.

offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Wilson has not received the proper certification from the Fourth Circuit Court of Appeals to file a successive habeas petition. Consequently, the Court may not consider the merits of the claim.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Wilson has not made the requisite showing here.

### IV. CONCLUSION

For the foregoing reasons, Wilson's Motion to Correct Sentence (ECF No. 543) is **DISMISSED**. A Certificate of Appealability is **DENIED**.

A separate Order will **ISSUE**.

/s/

**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**February 27, 2018**